Jiang v. Lynch

BIA
A096 401 221

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YONG HUA JIANG, A.K.A. ANTHONY JOHN DU, A.K.A. YONGHUA JIANG,
> *Petitioner,*

v.                                        13-340
                                          NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:        Ai Tong, Law Office of Ai Tong, P.C.
                       New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**General; Blair T. O'Connor, Assistant Director; Rosanne M. Perry, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Hua Jiang, a native and citizen of China, seeks review of a January 17, 2013 decision of the BIA denying his motion to reopen. *In re Yong Hua Jiang, a.k.a. Anthony John Du, a.k.a. Yonghua Jiang*, No. A096 401 221 (BIA Jan. 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "disfavored," *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)), and the agency's factual findings regarding country conditions under the substantial evidence standard, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Aliens seeking to reopen proceedings may move to reopen

2

no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 § C.F.R. 1003.2(c)(2). However, this time limitation does not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

It is undisputed that Jiang's motion to reopen was untimely: he filed it nearly five years after the agency entered an order of removal against him. The BIA determined that he failed to carry his heavy burden of demonstrating material changed country conditions that would excuse his delay. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 251, 258 (BIA 2007); 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA "compare[d] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S-Y-G-*, 24 I. & N. Dec. at 253. Jiang did not submit 2005 reports on Chinese country conditions. Thus, the BIA compared 2010 country reports to the materials already in the record and found that China's

3

mistreatment of political dissidents is ongoing.  This conclusion was sound, for "[c]hange that is incremental or incidental does not meet the regulatory requirements for late motions" to reopen.  *Matter of S-Y-G-*, 24 I. & N. Dec. at 257.

The agency had the discretion to discredit the letters Jiang submitted, which came from his father and two dissidents in China.  None of the letters was notarized. And while the agency errs in rejecting documents solely because they were not authenticated pursuant to 8 C.F.R. § 1287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), the BIA here provided additional reasons for giving them limited weight, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).  Jiang's father was an interested witness not subject to cross-examination, who wrote his letter to the IJ for the purpose of litigation.  *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds sub nom. Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).  The dissidents' letters were specious.  They purportedly lived in different parts of China, but wrote remarkably similar letters thanking Jiang for contributing one hundred dollars to their political cause.  Both dissidents warned Jiang of

4

Chinese government surveillance of their communications; yet despite that warning, they sent Jiang thank-you notes with which they enclosed their residential identification cards.

The agency was also within its discretion to deem Jiang's "posting of internet articles" about his political activities to be "[a] self-induced change in personal circumstances," which "cannot suffice" to excuse an untimely motion to reopen. *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Moreover, the articles' existence proved nothing about the Chinese government's awareness of them. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Finally, Jiang is not eligible to file a successive asylum petition. "[A] properly filed motion to reopen is a prerequisite to the filing of a new asylum petition when the petitioner is under a final removal order." *Yuen Jin v. Mukasey*, 538 F.3d 143, 152 (2d Cir. 2008). Jiang has been under a final removal order since 2005 and, for the reasons set forth above, failed to satisfy the prerequisite of a properly filed motion to reopen.

The Court need not decide whether Jiang is *prima facie* eligible for asylum (an issue he does not raise) because the lack of changed country conditions is dispositive of the

5

motion.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the motion for stay of removal is DISMISSED as moot.

                                        FOR THE COURT:

                                        Catherine O'Hagan Wolfe, Clerk